IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOSEPH L. JOHNSON**                                                                             **PLAINTIFF**

**V.**                                          **CAUSE NO. 4:11-CV-00144-CWR-FKB**

**SANDRA ATWOOD**                                                          **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

After Joseph L. Johnson filed suit against Sandra Atwood, Magistrate Judge F. Keith Ball entered a Report and Recommendation[1] on December 22, 2011, in which he recommended dismissing the case because of Johnson's failure to serve process on Atwood. Despite Johnson's objections[2] to that suggestion, the Court finds Judge Ball's recommendation to be well taken.

Johnson initiated this lawsuit in September 2011,[3] and soon thereafter, he attempted to serve Atwood via the U.S. Marshals Service.[4] The summons was returned unexecuted,[5] and to this day – nine months after the suit began – Johnson has not served Atwood with process nor has he provided the Court with Atwood's current address as ordered by the Court.[6]

Johnson argues that, as an inmate, he is without the ability to determine Atwood's current whereabouts. He contends that Atwood was once an employee of the East Mississippi

---

[1] Report and Recommendation [Docket No. 18].

[2] Objection [Docket No. 19].

[3] Complaint [Docket No. 1].

[4] *See* Order [Docket No. 9].

[5] U.S. Marshal's Return Unexecuted [Docket No. 15].

[6] *See* Order [Docket No. 16].

Correctional Facility[7] and that the Court should use its resources to uncover Atwood's current address.[8]

But the Court is powerless to grant Johnson's request. As Judge Ball's report correctly noted, a court is not permitted to investigate matters on behalf of a plaintiff.[9] Even reviewing Judge Ball's report *de novo* and affording his conclusion no deference, as the Court is bound to do,[10] it is clear that he is correct: service of process must be perfected within 120 days,[11] and if the plaintiff fails to accomplish that task, then his case is subject to dismissal without prejudice.

So it must be here. Johnson's claims are dismissed without prejudice, and a Final Judgment memorializing this decision will be entered on this day.

SO ORDERED this Sixth day of July 2012.

    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[7] Complaint at 2.

[8] Objection at 3.

[9] *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *Clay v. Allen*, 87 Fed. Appx. 1000, *1 (5th Cir. 2004).

[10] Fed. R. Civ. P. 72(b)(3).

[11] Fed. R. Civ. P. 4(m).